UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW ALAN SAMUELS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 1:16-cv-02203-WTL-DML |
| | ) |
| USA, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Matthew Samuels for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Factual Background

On August 2, 2013, Samuels was found with a Glock 22 .40 caliber handgun, marijuana, a methamphetamine pipe, and approximately two pounds of methamphetamine. On August 14, 2013, Samuels was charged with possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

On November 11, 2014, Samuels filed a Petition to Enter a Plea of Guilty and Plea Agreement but that petition was withdrawn because an amended petition and plea were subsequently filed.

On February 1, 2016, the parties filed an amended Petition to Enter Plea of Guilty and Amended Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C). Samuels agreed to plead guilty to Counts 1 and 3 of the Indictment, and the government agreed to dismiss Count 2 at sentencing. The parties agreed to a sentence of imprisonment of 300 months. Samuels agreed to waive his right to appeal and contest the conviction and sentence imposed on any ground except that of ineffective assistance of counsel, if the Court accepted the agreement and sentenced Samuels to 300 months imprisonment.

On February 9, 2016, the Court held a change of plea and sentencing hearing. The Court found that Samuels was competent to enter a plea of guilty and that Samuels made his plea knowingly and willingly. After reviewing the stipulated factual basis for the plea, the Court accepted Samuels's plea of guilty to Counts 1 and 3 of the Indictment. The Court sentenced Samuels to 300 months of imprisonment to be followed by 10 years of supervised release. As

agreed upon, the government moved to dismiss Count Two and the Court granted the motion. The Court entered a judgment of conviction on February 16, 2016.

Samuels then filed the present motion for relief pursuant to 28 U.S.C. § 2255. The United States responded and filed a supplemental response as directed and Samuels has replied.

### III. Discussion

Samuels seeks relief pursuant to § 2255 arguing that his trial counsel was ineffective for failing to move to suppress the evidence seized at the traffic stop on the basis that the police officer lacked probable cause to initiate the traffic stop for speeding. He also contends that the use of the drug sniffing dog during the course of the traffic stop was unconstitutional. The United States argues that Samuels admitted at his plea hearing that he was speeding and that any challenge to the use of the drug sniffing dog would have been unsuccessful.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, Samuels must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

A. *Plea Hearing*

The United States argues that Samuels cannot now assert that his counsel should have argued that the traffic stop was illegal because he agreed to the facts of the case at his plea hearing. Specifically, at the plea hearing, the Court examined the plea agreement with Samuels. Paragraph 8 of the Plea Agreement states: "On August 2, 2013, at approximately 11:20 a.m., an IMPD officer observed Defendant Matthew Alan SAMUELS driving a vehicle in excess of the speed limit in Indianapolis, Indiana." Crim. Dkt. 55 ¶ 8.[1] At the plea and sentencing hearing, the Court stated: "[P]aragraph 8 is clearly important, and I want you to [take] note of it because that outlines what you and the government have negotiated as the factual basis. Have you read that?" Crim. Dkt. 66 p. 18. Samuels answered "Yes, sir." *Id.* The Court then asked, "is there anything in paragraph 8 that is not true?" *Id.* Samuels answered, "No, sir." *Id.*

Since Samuels admitted at the plea and sentencing hearing that the officer observed him speeding, he cannot now argue that he was not speeding. *See Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("*Nunez I*") ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008). He therefore cannot argue that his counsel was ineffective for failing to challenge the traffic stop.

---

[1] Samuels's underlying criminal case, No. 1:13-cf-171-WTL-DKL-1, is referred to as "Cr. Dkt."

B. *Drug Sniffing Dog*

Samuels also asserts that his counsel was ineffective for failing to move to suppress evidence obtained as a result of the traffic stop because the use of the drug sniffing dog violated the Fourth Amendment.

Here, Samuels was pulled over for speeding. Crim. Dkt. 59, p. 4. The officer smelled a strong odor of marijuana coming from the car. *Id.* Another officer led his drug detection dog around the vehicle. *Id.* The dog alerted to the front passenger door, where a subsequent search uncovered a Glock 22 .40 caliber handgun, marijuana, a methamphetamine pipe, and approximately two pounds of methamphetamine. *Id.* Samuels now contends that his counsel should have challenged the legality of this search. But a free-air sniff of the exterior of a vehicle that was lawfully stopped due to a traffic violation does not constitute a Fourth Amendment violation so long as it does not take longer than a reasonable investigation of the traffic violation would have taken. *Rodriguez v. United States*, 135 S. Ct. 1609 (2015). The stop may be extended if a properly certified drug-sniffing dog indicates the presence of contraband. *Florida v. Harris*, 133 S. Ct. 1050 (2013). Samuels does not argue or present any evidence that the traffic stop was unreasonably delayed. He therefore has not shown that the use of the drug sniffing dog violated his rights and therefore that a motion to suppress would have been successful. Counsel cannot be said to have performed deficiently for failing to make an argument that would not have been successful.

## IV. Request for an Evidentiary Hearing and for Counsel

An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d

944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here, and thus a hearing is not warranted in this case.

Samuels's request for the appointment of counsel is also denied. The reasons for this ruling are: he is literate and seems fully aware of the proceedings involving his conviction and sentence, his claims clearly lack merit, and an evidentiary hearing will not be required. These are not circumstances in which it is in the interest of justice to appoint counsel for the petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

## V. Conclusion and Certificate of Appealability

For the reasons explained in this Entry, Samuels has failed to show that he is entitled to the relief he seeks and that his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Samuels has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

A copy of this Entry shall be docketed in **No. 1:13-cr-171-WTL-DKL-1.**

**IT IS SO ORDERED.**

_William T Lawrence_

Date: 12/5/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MATTHEW ALAN SAMUELS
11693-028
PEKIN - FCI
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov